**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| PRESSMAN, INC. d/b/a PILL BOX PHARMACY & MEDICAL SUPPLY, a Florida corporation, individually and as the representative of a class of similarly-situated persons, <br>                     Plaintiff, <br>    v. <br><br> CHANGE HEALTHCARE HOLDINGS, INC., CHANGE HEALTHCARE ENGAGEMENT SOLUTIONS, INC., CHANGE HEALTHCARE SOLUTIONS, LLC, AMARIN PHARMA, INC., BAYER HEALTHCARE LLC, ASTRAZENECA PHARMACEUTICALS LP, NOVARTIS PHARMACEUTICAL CORPORATION, SEBELA PHARMACEUTICALS, INC., PSKW, LLC, ASCENSIA DIABETES CARE US INC., NOVEN PHARMACEUTICALS, INC., and JOHN DOES 1-12, <br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. 0:16-cv-62472-WJZ |

**DEFENDANT PSKW, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant PSKW, LLC ("PSKW"), by its undersigned counsel, hereby answers the averments set forth in Plaintiff Pressman, Inc. d/b/a Pill Box Pharmacy & Medical Supply's ("Plaintiff") Second Amended Class Action Complaint (the "Complaint") as follows:

In responding to the Complaint, PSKW denies all allegations contained therein unless specifically admitted below to Plaintiff's Complaint.

1

## PRELIMINARY STATEMENT[1]

1.      PSKW denies the allegations contained in Paragraph 1 of the Complaint.  PSKW

specifically denies that it sent advertisements by facsimile in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 ("TCPA"), and the regulations the Federal Communications

Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200.  PSKW further denies that

it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group

Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under

the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 1 of the Complaint, and so denies them on that basis.

2.      PSKW lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 2 of the Complaint, and so denies them on that basis.

3.      PSKW admits that Plaintiff purports to assert claims on behalf of similarly-situated

persons, and that Plaintiff seeks statutory damages under the TCPA, trebling of such damages,

injunctive relief, and compensation and attorneys' fees.  PSKW denies the remaining allegations

contained in Paragraph 3 of the Complaint, and further denies that this action is entitled to class

treatment, or that Plaintiff or any member of the putative class is entitled to the requested relief, or

any relief whatsoever.

---

[1] The headings and subheadings from the Complaint are utilized solely for ease of reference, and
in no way admit, accept, or otherwise recognize the validity, adequacy, or merits of the causes of
action or allegations set forth in the Complaint.

## PARTIES, JURISDICTION, AND VENUE

4.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

10A.    PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10A of the Complaint.

11.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

13A.    PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13A of the Complaint.

14.    PSKW admits that it is a Delaware limited liability company.  PSKW denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and so denies them on that basis.

16.    Paragraph 16 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW admits that Plaintiff purports to allege a claim under the TCPA, and predicates the Court's subject matter jurisdiction on the statutes cited in Paragraph 16 of the Complaint.  PSKW denies that Plaintiff has established or can establish constitutional standing for some or all of its claims.

17.    Paragraph 17 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW admits that it has transacted business in the State of Florida, and denies that it has committed tortious acts within the State of Florida.

18.    Paragraph 18 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 18 of the Complaint.

### FACTS

19.    Paragraph 19 of the Complaint is limited to the legal argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, based on the vagueness and ambiguity of the allegations contained in Paragraph 19 of the Complaint, PSKW lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and so denies them on

that basis.  PSKW further denies that it has caused any damage or injury to Plaintiff or any member of the putative class.

20.     PSKW denies that it sent, caused to be sent, or authorized the sending of any advertisements by facsimile to Plaintiff or any class of similarly-situated persons.  PSKW further denies that it is liable, directly or otherwise, for violating the TCPA.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and so denies them on that basis.

21.     PSKW denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and so denies them on that basis.

22.     PSKW denies that any "faxes" contained in "Group Exhibit A" attached to the Complaint advertise the commercial availability of quality of co-pay coupons for PSKW products, or advertise the commercial availability or quality of any PSKW product.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and so denies them on that basis.

23.     PSKW denies that any "faxes" contained in "Group Exhibit A" attached to the complaint provide information about the availability or quality of coupons or voucher programs relating to PSKW products offered by Change Healthcare.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, and so denies them on that basis.

24.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and so denies them on that basis.

25.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and so denies them on that basis.

26.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and so denies them on that basis. PSKW further respectfully refers the Court to the referenced exhibit, which speaks for itself.

27.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and so denies them on that basis.

28.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and so denies them on that basis.

29.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and so denies them on that basis.

30.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and so denies them on that basis.

31.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and so denies them on that basis.

32.     PSKW admits that it marketed itself as a pioneer and leader in affordability solutions for co-pay assistance programs and co-pay eligibility verification.  PSKW denies the remaining allegations contained in Paragraph 32 of the Complaint.  PSKW further denies that the allegations contained in Paragraph 32 of the Complaint are probative of any issue or claims in this litigation.

33.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and so denies them on that basis. PSKW further respectfully refers the Court to the referenced exhibit, which speaks for itself.

34.     PSKW denies that it engaged in any "fax advertising campaign."  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and so denies them on that basis.

35.     PSKW denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, and further denies that "Group Exhibit A" are "faxes" covered under the TCPA.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint, and so denies them on that basis.

36.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and so denies them on that basis. PSKW further respectfully refers the Court to the referenced exhibit, which speaks for itself.

37.     PSKW denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, and denies that "Group Exhibit A" are "faxes" covered under the TCPA.  PSKW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and so denies them on that basis.

38.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and so denies them on that basis.

39.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and so denies them on that basis.

40.     PSKW denies the allegations contained in Paragraph 40 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint, and so denies them on that basis.

41.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and so denies them on that basis.

42.     PSKW denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, and denies that "Group Exhibit A" are "faxes" covered under the TCPA.  PSKW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42 of the Complaint, and so denies them on that basis.

43.     PSKW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and so denies them on that basis. PSKW further respectfully refers the Court to the referenced exhibit, which speaks for itself.

44.     PSKW denies that it manages the savings card/coupon plans depicted in the "faxes" contained in "Group Exhibit A" attached to the Complaint.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint, and so denies them on that basis.

45.     PSKW denies the allegations contained in Paragraph 45 of the Complaint.

46.     PSKW denies that any of the "faxes" contained in "Group Exhibit A" attached to the Complaint advertise PSKW's products, denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint to Plaintiff and/or more than 39 other persons in violation of the TCPA, and denies that "Group Exhibit A" are "faxes" covered under the TCPA.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint, and so denies them on that basis.

47.     PSKW denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products. PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint, and so denies them on that basis.

## CLASS ACTION ALLEGATIONS

48.     PSKW admits that Plaintiff purports to represent a class of persons as defined in Paragraph 48 of the Complaint.  PSKW denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative.

49.     PSKW admits that Plaintiff purports to represent a class of persons as defined in Paragraph 48 of the Complaint, which putative class purports to exclude the persons identified in Paragraph 49 of the Complaint.  PSKW denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative.

50.     PSKW denies that it engaged in any "fax advertising campaigns," denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under

9

the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint, and so denies them on that basis.

51.     Paragraph 51 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 51 of the Complaint, denies that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23, denies that the elements of Rule 23 have or can be met in this case, and denies that these class allegations have any legal merit.

52.     Paragraph 52 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 52 of the Complaint, denies that the putative class is so numerous that joinder is impracticable, and denies that these class allegations have any legal merit. PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint, and so denies them on that basis.

53.     Paragraph 53 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 53 of the Complaint, including subparts "a" through "h," denies that there are common questions of law and fact, and denies that these class allegations have any legal merit.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.

54.     Paragraph 54 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 54 of the Complaint, denies that Plaintiff's claims are typical of the putative class, denies that Plaintiff is a proper class representative, denies that it has injured Plaintiff or any member of the putative class, and denies that these class allegations have any legal merit.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.

55.     Paragraph 55 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 55 of the Complaint, denies that Plaintiff is a proper class representative, and denies that these class allegations have any legal merit.

56.     Paragraph 56 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 56 of the Complaint, denies that Plaintiff's case is entitled to class treatment, and denies that these class allegations have any legal merit.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.

57.     Paragraph 57 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 57 of the Complaint, denies that a class action is a superior

11

or appropriate method of adjudication of Plaintiff's claims, and denies that these class allegations have any legal merit.

**COUNT 1**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

58.     PSKW realleges and incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     PSKW admits that Plaintiff purports to bring Count I on behalf of itself and a class of similarly situated persons, but denies that Plaintiff may properly pursue this action as a class action or that Plaintiff's claims are entitled to class treatment.

60.     Paragraph 60 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 60 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

61.     Paragraph 61 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 61 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

62.     Paragraph 62 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 62 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

63.     Paragraph 63 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies

the allegations contained in Paragraph 63 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

64.     Paragraph 64 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 64 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

65.     Paragraph 65 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 65 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

66.     Paragraph 66 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 66 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

67.     PSKW denies the allegations contained in Paragraph 67 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint, and so denies them on that basis.

68.     PSKW denies the allegations contained in Paragraph 68 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 68 of the Complaint, and so denies them on that basis.

69.    PSKW denies the allegations contained in Paragraph 69 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Complaint, and so denies them on that basis.

70.    PSKW denies the allegations contained in Paragraph 70 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint, and so denies them on that basis.

71.    PSKW denies the allegations contained in Paragraph 71 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 71 of the Complaint, and so denies them on that basis.

72.    Paragraph 72 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 72 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

73.     PSKW denies the allegations contained in Paragraph 73 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of the Complaint, and so denies them on that basis.

74.     PSKW denies the allegations contained in Paragraph 74 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the Complaint, and so denies them on that basis.

75.     PSKW denies the allegations contained in Paragraph 75 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75 of the Complaint, and so denies them on that basis.

76.     Paragraph 76 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 76 of the Complaint, and respectfully refers the Court to the cited statute for the truth and accuracy of its contents.

77.     Paragraph 77 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW respectfully refers the Court to the cited statute for the truth and accuracy of its contents, and denies the allegations contained in Paragraph 77 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's

15

products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Complaint, and so denies them on that basis.

78.     Paragraph 78 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW respectfully refers the Court to the cited statute for the truth and accuracy of its contents, and denies the allegations contained in Paragraph 78 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it is liable to Plaintiff and any member of the putative class. PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint, and so denies them on that basis.

79.     Paragraph 79 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 79 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it has damaged or injured Plaintiff or any member of the putative class, and denies that it is liable to Plaintiff and any member of the putative class.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Complaint, and so denies them on that basis.

80.     Paragraph 80 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW respectfully refers the Court to the cited statute for the truth and accuracy of its contents, and denies the allegations contained in Paragraph 80 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that Plaintiff is entitled to statutory damages, or any relief whatsoever.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph 80 of the Complaint, and so denies them on that basis.

81.     Paragraph 81 of the Complaint is limited to the legal conclusions and argument of Plaintiff, to which no answer is required.  To the extent that any answer is required, PSKW denies the allegations contained in Paragraph 81 of the Complaint to the extent that they refer or relate to PSKW.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Complaint, and so denies them on that basis.

82.     PSKW denies the allegations contained in Paragraph 82 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, and denies that such "faxes" advertise PSKW's products.  PSKW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the Complaint, and so denies them on that basis.

83.     PSKW denies the allegations contained in Paragraph 83 of the Complaint to the extent that they refer or relate to PSKW.  PSKW further denies that it sent, caused to be sent, or authorized the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, denies that "Group Exhibit A" are "faxes" covered under the TCPA, denies that such "faxes" advertise PSKW's products, denies that it damaged Plaintiff or any member of the putative class, and denies that Plaintiff or any member of the putative class is entitled to the requested relief, or to any relief whatsoever.  PSKW lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 83 of the Complaint, and so denies them on that basis.

**COUNT II**
**CONVERSION**

84.      PSKW realleges and incorporates by reference its responses to Paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85.      On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 85 of the Complaint is required.

86.      On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 86 of the Complaint is required.

87.      On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 87 of the Complaint is required.

88.      On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 88 of the Complaint is required.

89.      On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 89 of the Complaint is required.

90.     On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 90 of the Complaint is required.

91.     On January 29, 2018, the Court dismissed Count II of the Complaint (ECF No. 164).  Accordingly, no answer to the allegations contained in Paragraph 91 of the Complaint is required.

### AFFIRMATIVE DEFENSE

PSKW reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses when, and if, during the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

### First Affirmative Defense
#### *Failure to State a Claim*

1.     The Complaint and the cause of action therein fail to state a claim against PSKW upon which relief can be granted, including, but not limited to, because PSKW did not send, cause to be sent, or authorize the sending of any of the "faxes" included in the "Group Exhibit A" attached to the Complaint, "Group Exhibit A" does not include "faxes" within the meaning of the TCPA, and such "faxes" do not advertise or otherwise promote the sale or commercial availability of PSKW's products.

### Second Affirmative Defense
#### *Prior Express Permission*

2.     The Complaint and each purported cause of action contained therein are barred to the extent that Plaintiff provided PSKW with consent for the alleged faxes, including, without limitation, prior express permission or invitation.

### Third Affirmative Defense
*Consent by Publication*

3.      Plaintiff's claims are barred because Plaintiff acquiesced to contact by facsimile by prominently displaying its facsimile number in publications, on-line, on business cards, letterhead and promotional materials.

### Fourth Affirmative Defense
*Consent by Provision of Facsimile Number to Organization or Governmental Entity*

4.      Plaintiff's claims are barred because Plaintiff acquiesced to any facsimile allegedly sent to Plaintiff when it provided its facsimile number to one or more organizations of which PSKW is also a member, or to one or more governmental entity(ies).

### Fifth Affirmative Defense
*Consent by Invitation*

5.      Plaintiff's claims are barred because Plaintiff invited facsimile communications from PSKW and those similarly situated.

### Sixth Affirmative Defense
*Solicited Faxes*

6.      Plaintiff's claims and those of some or all of the putative class are barred or limited because opt-out notices are not required on solicited fax advertisements sent with the recipient's express prior permission.  *See Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078 (D.C. Cir. 2017).

### Seventh Affirmative Defense
*Established Business Relationship*

7.      Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

### Eighth Affirmative Defense
#### *Independent, Intervening Conduct*

8.      Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of PSKW.

### Ninth Affirmative Defense
#### *Failure to Join Necessary and/or Indispensable Parties*

9.      Plaintiff's claims and those of some or all of the putative class are barred or limited by the failure to join necessary and/or indispensable parties.

### Tenth Affirmative Defense
#### *Failure to Demand Discontinuance*

10.      Plaintiff's claims are barred in that Plaintiff failed to avail itself of its right to demand discontinuance of facsimile communications under the statutory notice provided to Plaintiff.

### Eleventh Affirmative Defense
#### *Failure to Mitigate*

11.      To the extent that Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### Twelfth Affirmative Defense
#### *Not Knowing or Willful*

12.      Plaintiff is precluded from any recovery from PSKW for a willful and knowing violation of the TCPA because any such violation (which PSKW denies occurred) would not have been willful or knowing.

### Thirteenth Affirmative Defense
*Lack of Standing*

13.     Plaintiff and members of the putative class have suffered no injury, are professional plaintiffs, and/or provided prior express invitation or permission to PSKW to send advertisements by fax to it, and as such do not have standing to assert TCPA claims against PSKW.

### Fourteenth Affirmative Defense
*Claims Barred by Other States' Laws*

14.     Plaintiffs' claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

### Fifteenth Affirmative Defense
*Substantial Compliance with Laws*

15.     PSKW is not liable to Plaintiff or members of any purported class because PSKW acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### Sixteenth Affirmative Defense
*Failure to Plead Basis for Class Certification*

16.     Plaintiff has not pleaded an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

### Seventeenth Affirmative Defense
*Class Certification Elements Cannot be Met*

17.     The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is practicable; individual questions of fact and law predominate over common issues;

22

Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy.  In addition, the prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.

**Eighteenth Affirmative Defense**
***Defenses Specific to Class Members***

18.     PSKW may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class.  PSKW reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**Nineteenth Affirmative Defense**
***Unconstitutional Vagueness or Over-Breadth***

19.     Interpretations of the TCPA upon which the Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provisions of the Fourteenth Amendment to the United States Constitution.

**Twentieth Affirmative Defense**
***Settlement Credits***

20.     In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, PSKW is entitled to any settlement credits permitted by law.

## Twenty-First Affirmative Defense
### *Excessive Penalties*

21.     The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

## Twenty-Second Affirmative Defense
### *Waiver and Estoppel*

22.     Plaintiff and members of the putative class have waived their right to recover herein, in whole or in part, and/or also barred by the doctrine of estoppel.

## Twenty-Third Affirmative Defense
### *Unclean Hands*

23.     Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## Twenty-Fourth Affirmative Defense
### *Fail-Safe Class*

24.     Plaintiff's proposed class definition constitutes an improper "fail-safe" class, whereby only those members who are entitled to relief are included within the proposed class definition.

## Twenty-Fifth Affirmative Defense
### *Reservation of Rights*

25.     PSKW reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE**, PSKW requests that:

1.     Plaintiff takes nothing by reason of the Complaint;

2.      Judgment be entered in favor of PSKW and against Plaintiff;

3.      Costs and attorneys' fees incurred by PSKW herein, if and to the extent permitted by law, be awarded to Defendant; and

4.      The Court grant such other and further relief as it may deem just and proper.

DATED:  February 12, 2018

By: */s/ Alen H. Hsu*
                    Alen H. Hsu (Florida Bar No. 62495)
                    AHsu@BlankRome.com
                    500 E. Broward Boulevard, Suite 2100
                    Fort Lauderdale, FL 33394
                    Tel. 954.512.1800
                    Fax 954.512.1818

                    Ana Tagvoryan (admitted *pro hac vice*)
                    ATagvoryan@BlankRome.com
                    Safia Hussain (admitted *pro hac vice*)
                    SHussain@BlankRome.com
                    2029 Century Park East, Sixth Floor
                    Los Angeles, CA 90067
                    Tel. 424.239.3400
                    Fax.424.239.3434

                    *Attorneys for PSKW, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 12th day of February, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document will be served upon all parties requesting electronic notice.

                    */s/ Alen H. Hsu*
                    ALEN H. HSU
                    Florida Bar No. 62495